David L. Mazaroli
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| THE COMPANY FOR COOPERATIVE INSURANCE (TAWUNIYA), as subrogee of Al Namlah & Co. for Trading & Services, Ltd. | : : : | ECF CASE |
| Plaintiff, | : | 09 Civ. 9602 (SAS) |
| - against - | : | **COMPLAINT** |
| M/V "PACIFIC DESTINY" ; her engines; tackle, boilers, etc.; SWIRE SHIPPING LTD.; SWIRE SHIPPING INC. ; SWIRE SHIPPING N.A.; THE CHINA NAVIGATION CO. LTD.; | : : : | |
| Defendants. | : | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

1. This action involves an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea and falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim. Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

2. Plaintiff The Company for Cooperative Insurance (Tawuniya) is a corporation organized under the laws of a foreign sovereign and sues herein as the

subrogated insurer of the shipment in suit, having paid the insurance claim of Al Namlah & Co. for Trading & Services, Ltd.

3. This action is also brought by plaintiff as subrogee of, and for and on behalf of, the consignee and owner of the cargo, and the holder of the subject bill of lading, as their interests may now or hereafter appear.

4. Defendants Swire Shipping Ltd., Swire Shipping Inc., Swire Shipping N.A. and The China Navigation Co. Ltd. are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

5. This Court has jurisdiction over the *in personam* defendants, who conduct business in the State of New York and the United States as a whole within the meaning of pursuant to Rule 4(k)(2) Federal Rules of Civil Procedure as common carriers of cargo for hire and as providers of services related thereto.

6. The bill of lading issued by or on behalf of defendants for the shipment includes a Southern District of New York forum selection clause.

7. Upon information and belief the captioned vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k) (2) Federal Rules of Civil Procedure, and was at all material times owned, chartered, hired, managed or otherwise operated by the *in personam* defendants.

8. This action involves nondelivery, shortage, loss and damage to a shipment of 45,444 bags of rice which were carried aboard the M/V "PACIFIC DESTINY", Voyage 1005S, from Houston, Texas, to Jeddah, Saudi Arabia, as descried more fully in

Swire Shipping Ltd. clean on board, negotiable, order bill of lading USHOU0125311 dated on or about December 24, 2008. (Booking No.: INDJ12252; Swire Claim No. 4003C)

9. Although the full and complete shipment was received by defendants in good order and condition at the port of lading, at the place of delivery the cargo was in damaged and depreciated condition, including damage and depreciation caused by apparent wetting and water ingress while the rice was in the custody of defendants and/or entities acting on their behalf. In addition, certain quantities of the bagged rice were not delivered by the defendants to the intended consignee.

10. The aforesaid nondelivery, shortage, loss, and damage was caused by (a) defendants' reckless and negligent failure to properly load, stow, carry, ventilate, protect, care for and deliver the subject cargo; (b) the unseaworthiness of the carrying vessel; (c) defendants' fundamental breaches of, and material deviations from, the governing carriage contracts; and (d) defendants' failure to take adequate and proper steps to mitigate the loss after the initial damage and loss occurred.

11. As a result of the aforesaid, defendants are liable to plaintiff as common carriers, bailees and/or warehousemen for hire for damages in the amount of US$110,796.00.

12. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

13. Plaintiff and those on whose behalf it sues have performed all conditions precedent required of them under the premises.

WHEREFORE, plaintiff demands judgment against the captioned defendants jointly and severally in the amount of US$110,796.00, in addition to interest at the rate of 9% per annum and the costs of this action and request that the Court issue its process against the aforesaid vessel in rem.

Dated:    New York, New York
         November 16, 2009

                                        LAW OFFICES,
                                        DAVID L. MAZAROLI

                                        *s/David L. Mazaroli*
                                        _____
                                        David L. Mazaroli
                                        Attorney for Plaintiff
                                        11 Park Place - Suite 1214
                                        New York, New York 10007
                                        Tel: (212)267-8480
                                        Fax: (212)732-7352
                                        File No.: 9K-1886